ESCUDERO, PETICIONARIO, *v.* FOOTE, JUEZ DE DISTRITO,
DEMANDADO, Y SABATER, INTERVENTORA.

SOLICITUD para que se expida un auto de *certiorari* al Juez
de la Corte de Distrito de Mayagüez en procedimiento
sobre administración judicial.

No. 209.—Resuelto en febrero 8, 1918.

ADMINISTRACIÓN JUDICIAL—CUENTAS FINALES—RECLAMACIONES DEL ADMINISTRA-
DOR COMO ACREEDOR DE LA HERENCIA.—Una corte puede a petición de un
heredero, conforme al artículo 58 de la Ley de Procedimientos Legales Es-
peciales, ordenar que cese la administración de los bienes de la herencia por
el cónyuge viudo y conceder al administrador un término razonable para
presentar sus cuentas finales; pudiendo asimismo la corte después de oir
a las partes y en conexión con la liquidación de las cuentas finales, sin ne-
cesidad de un pleito por separado, determinar en cuanto a una reclamación
del cónyuge viudo como acreedor de la herencia por gastos que hiciera y
pagara con motivo de la última enfermedad y funerales del causante.

Los hechos están expresados en la opinión.
Abogado del peticionario: *Sr. Marcelino Romany.*
El juez demandado no compareció.
Abogado de la interventora Teresa Sabater: *Sr. José Sa-
bater.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

En 30 de junio de 1916, después de haberse dictado sen-
tencia por este tribunal en el caso de *Sabater v. Escudero,*
23 D. P. R. 854, fué nombrado el peticionario por la Corte
de Distrito de Mayagüez administrador judicial de la Suce-
sión de Juanita Sabater, causante ab-intestato.

Presentada y aprobada que fué la fianza, tomó el admi-
nistrador posesión de los bienes pertenecientes a la sucesión
y entró en el desempeño de sus deberes oficiales.

En 1º. de noviembre de 1917, Teresa Sabater, una de las
herederas que pretende ser la única dueña de todo el caudal
hereditario, como cesionaria de los derechos y acciones de
los demás herederos, sujeto solamente al derecho de usufructo
en cuanto a la mitad de la herencia que le corresponde al
peticionario como cónyuge supérstite, derecho susceptible de

ser ajustado y arreglado de acuerdo con la sección 12 de la ley de 1905, (Comp., sec. 3884, pág. 721), y que alega falta de llegar a un acuerdo con el administrador en este respecto, presentó una moción para que se ordenase:

"(1) Que cesase la administración de los bienes relictos por Juanita Sabater;

"(2) Que el administrador judicial procediera a rendir su cuenta final;

"(3) Que dichos bienes fueran entregados a la compareciente Teresa Sabater para que tomase posesión de los mismos;

"(4) Que se asignase al cónyuge viudo una renta a los productos de determinada finca urbana de los dejados por dicho causante, a fin de que los demás bienes que hoy son de la compareciente no continúen afectos al gravamen del usufructo de acuerdo con la sección 12 de la Ley de marzo 9 de 1905."

En 18 de enero de 1917, el administrador judicial solicitó se ordenase la autorización para reembolsarse, como acreedor, ciertos gastos que alega se hicieron y pagaron por él con motivo de la última enfermedad y funerales de la causante.

El peticionario alega que se opuso a la moción de Teresa Sabater, como acreedor, cónyuge supérstite y administrador judicial por las siguientes razones:

"(*a*) Porque la administración judicial no podía cesar hasta que no se administrase completamente el caudal relicto, esto es, hasta que no se pagasen todas las deudas de la finada, la de vuestro peticionario inclusive, y en este caso la administración no tenía fondos suficientes para pagar dicha deuda;

"(*b*) Porque vuestro peticionario entendía que mientras no se hubiese efectuado la partición de los bienes y se le hubiese adjudicado al cónyuge viudo su porción en usufructo, o en su defecto, hasta que no le hubiese sido asignada una renta vitalicia, o los productos de determinados bienes, o un capital en efectivo, no podía decirse ni tampoco decretarse por la corte el cese de la administración judicial; y

"(*c*) Que el administrador judicial sólo estaba obligado a presentar su cuenta final cuando la administración judicial hubiese cesado."

No hemos encontrado en los autos esa alegación ni evidencia alguna de semejante oposición fuera de lo que consta y aparece de la siguiente orden:

"Hoy 9 de noviembre de 1917 señalado para la discusión de una moción de Teresa Sabater, heredera de Juanita Sabater, solicitando cese la administración judicial de los bienes de dicha finada, y que se ordene al administrador proceda a rendir la cuenta final, comparecieron la promovente de la moción por su Abogado Sr. José Sabater y el Administrador José Escudero por el suyo Sr. Marcelino Romany.

"El administrador se opuso a lo solicitado alegando que existen deudas pendientes de pago, y presentó además una cuenta a su favor por $120.50 por concepto de gastos de funerales y enfermedad de la finada.

"Luego de oir los argumentos orales de los letrados concurrentes, y visto el récord del caso, la corte encuentra que existe solamente pendiente de pago una deuda a favor del mismo administrador, quien no puede aceptarla como tal administrador por ser parte interesada; que los edictos llamando a los acreedores fueron publicados en los días 2, 9 y 16 de noviembre de 1916, sin que el administrador procediera, como era su deber, inmediatamente de vencido los seis meses desde la fecha de dicha publicación, a terminar la administración, habiendo transcurrido cerca de seis meses más sin hacer nada en ese sentido, continuando indebidamente la administración con perjuicio de los herederos;

"La corte resuelve que debe ponerse fin a esta administración y en su consecuencia concede al administrador José Escudero el término de veinte días para presentar la cuenta final de dicha administración y concede hasta el día de mañana a los herederos peticionarios para aceptar o impugnar la deuda que existe a favor del expresado administrador, disponiendo que si la misma no fuere aceptada, se tendrá por rechazada por la corte, quedando a salvo el derecho del acreedor de demandar en juicio su pago."

La sección 12 de la Ley de 1905 antes citada reza como sigue:

"Sección 12.—Los herederos podrán satisfacer al cónyuge su parte de usufructo, asignándole una renta vitalicia o los productos de determinados bienes, o un capital en efectivo, procediendo de mutuo acuerdo y, en su defecto, por virtud de mandato judicial.

"Mientras esto no se realice, estarán afectos todos los bienes de la herencia al pago de la parte de usufructo que corresponda al cónyuge viudo."

El artículo 58 de la Ley de Procedimientos Legales Especiales dispone que—

"Cualquier heredero, legatario, acreedor o fiador de un administrador o representante legítimo de dicho fiador, o cualquier tutor de un menor o incapacitado, puede dirigir una petición al tribunal para que obligue a un albacea o administrador a que rinda su cuenta final, la cual petición deberá concederse, salvo que el juez a quien se haga, podrá a su discreción denegarla, si no hubieren transcurrido quince meses del nombramiento del albacea o administrador, y resultare que por causas fundadas en dificultades y demoras inevitables ocurridas en la administración, no hubiere sido posible liquidar y presentar la cuenta final."

Se observará que en su orden la corte no concedió todo lo que se pidió en la moción de Teresa Sabater, sino que sencillamente sostuvo que debía cesar la administración y con miras a este fin le concedió al administrador un término razonable para que presentara su cuenta final. Las cuestiones a que se refieren la tercera y cuarta subdivisiones de la súplica fueron con toda propiedad reservadas hasta que se presentaran y aprobaran o liquidaran las cuentas. La actitud adoptada por la corte al rechazar la reclamación del administrador como acreedor de la herencia en la forma y manera en que lo hizo fué quizás algo ligera y prematura de no constituir un error de los que dan motivo a una revocación, aunque como nos revelan los autos la paciencia del juez ha sido puesta a una fuerte prueba. No vemos razón alguna por la que no pueda esta cuestión determinarse por la corte, después de oir a las partes y en conexión con la liquidación de las cuentas finales, sin necesidad de un pleito por separado. Sin duda a la fecha en que se presenten estas cuentas habrá suficiente dinero en caja disponible para cubrir esta cuenta en caso de que se apruebe, si el demandante puede probarla, como una reclamación propia contra la sucesión.

Si diéramos una historia completa de esta administración innecesariamente prolongaríamos esta opinión. Bastará decir que la forma en que la misma ha sido dirigida justifica más de lo ordinario las conclusiones a que llegó la corte de distrito respecto a la propiedad del cierre de la misma.

No encontramos error alguno ora respecto a la jurisdicción o al procedimiento en la acción tomada por la corte de distrito fuera de la sugestión que acabamos de hacer referente a la cuenta del administrador para reembolsarse los gastos de funerales, y el auto expedido en este caso debe ser anulado de conformidad.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.